UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

CHRISTIAN DAVIS, CALVIN BEATTY, JERRY JOHNSON,

                          Plaintiffs,

-against-

THE CITY OF NEW YORK, Police Officer KELVIN OZUNA, Shield No. 23907, Police Officer JOHN and JANE DOE # 1 through 20 in their individual and official capacities as employees of the City of New York,

                          Defendants.
------------------------------------------------------------- X

**COMPLAINT**

Jury Trial Demanded

CV16 2322

VITALIANO, J.

KUO, M.J.

FILED CLERK
2016 MAY -9 PM 4: 09
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

Plaintiffs, CHRISTIAN DAVIS, CALVIN BEATTY, JERRY JOHNSON, by their attorney, The Rameau Law Firm, allege the following, upon information and belief, for this Complaint:

### INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

2. On February 8, 2015, Defendants, Police Officer KELVIN OZUNA, Shield No. 23907, Police Officer JOHN and JANE DOE # 1 through 20 (collectively, the "Defendants") unlawfully arrested Plaintiffs without probable cause and then assaulted them, all without any justification or due

cause.

3. Plaintiffs seek compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

4. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

5. This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

6. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs also assert jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiffs request that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as Plaintiffs' federal claims.

## VENUE

7. Under 28 U.S.C. § 1391 (b) and (c), venue is proper in the Eastern District of New York.

## PARTIES

8. Plaintiffs CHRISTIAN DAVIS, CALVIN BEATTY, JERRY JOHNSON were at all material times residents of the City of New York, New York State, and of proper age to commence this lawsuit.

9. Defendant Police Officer KELVIN OZUNA, Shield No. 23907

2

("Ozuna"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ozuna is sued in his individual and official capacities.

10. Defendant Ozuna at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights.

11. Defendants JOHN and JANE DOE 1 through 20 were at all relevant times an officer employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/ or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual official capacities.

12. Defendants JOHN and JANE DOES 1 through 20 were at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' constitutional rights

13. Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of officers and supervisory officers, including the Defendants.

## FACTUAL ALLEGATIONS

14. Plaintiffs are African-American males.

3

15. On February 8, 2015, at approximately 5:00 a.m., Plaintiffs Beatty and Johnson were inside the Slice and Co. Pizza restaurant located at 95 MacDougal Street in the county and state of New York.

16. The plaintiffs observed that there were several fresh pizza pies and asked if they could purchase a fresh pie.

17. Instead, restaurant employees offered plaintiffs pizza that appeared old and stale.

18. Mr. Davis entered the store to see what was happening.

19. Further, the employee began yelling and raising his voice at plaintiffs.

20. An employee replied that the fresh pies were not for them. Further, the employee began yelling and raising his voice at plaintiffs.

21. The plaintiffs believed the employees were discriminating against plaintiffs on the basis of plaintiffs' race.

22. Mr. Davis warned the employers that he would call the police if the employees did not stop, as plaintiffs felt threatened by their escalating aggressive behavior.

23. When the employees continued their aggression, Mr. Davis called 911.

24. At no time did either of the employees ask the plaintiffs to leave the store.

25. While Mr. Davis was with the 911 operator giving the particulars of the incident, one of the employees came from behind the register and

4

began assaulting Mr. Beatty.

26. Another employee followed suit and attempted to strike Mr. Johnson with a pizza roller.

27. Both Mr. Beatty and Mr. Johnson had to defend themselves from being attacked.

28. Once the police arrived, Plaintiffs explained that the employees were the victims and the employees were the perpetrators of a crime.

29. Defendant officers failed to review the video footage that would have supported plaintiffs' claim.

30. Instead, the defendants dragged Plaintiffs away and transported them to the 6th Precinct.

31. At the precinct, the Defendants falsely informed members of the New York County District Attorney's Office that they had observed Plaintiffs committing various crimes.

32. At no point did the Defendants observe Plaintiffs committing any crimes or offenses.

33. After two hours in custody, Plaintiffs received desk appearance tickets and were released from the precinct.

34. The assigned prosecutor thereafter incorporated defendant Ozuna's false accusations against Plaintiffs in the complaint, which Ozuna signed.

35. Plaintiffs had to make several court appearances prior to the case against plaintiffs was dismissed on or about July 7, 2015.

5

36. As a result of the Defendants' actions, Plaintiffs suffered physical injuries, mental and emotional harm of a permanent nature, loss of liberty, loss of reputation, and other damages.

## COUNT ONE
### False Arrest, New York State Tort Law Against All Defendants

37. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

38. The Defendants, individually and in concert, arrested, confined, caused the confinement, and/ or continued the confinement of Plaintiffs without any privilege whatsoever, with the intent to confine, or cause the confinement of Plaintiffs.

39. Plaintiffs were conscious of their confinement.

40. Plaintiffs did not consent to their confinement.

41. Plaintiffs' confinement was not otherwise privileged.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein alleged.

## COUNT TWO
### False Arrest, 42 U.S.C. §1983 Against All Defendants

43. Plaintiffs repeat and reallege each and every allegation above as

6

if fully set forth herein.

44. The Defendants, individually and in concert, and acting under the color of law, deprived Plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures and to their liberty by searching, arresting, confining, causing the confinements, and/ or continuing the confinements of Plaintiffs without any privilege whatsoever.

45. Plaintiffs were conscious of their confinements.

46. Plaintiffs did not consent to their confinements.

47. The Defendants each deprived Plaintiffs of their rights intentionally, knowingly, willfully, or recklessly, under color of law.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein alleged.

## COUNT THREE
### Assault and Battery, New York State Tort Law Against All Defendants

49. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

50. The Defendants intentionally touched Plaintiffs and caused them physical injury in the February 2015 incident.

51. The Defendants' touching of Plaintiffs was harmful and offensive and occurred without legal justification, excuse, or privilege.

52. Plaintiffs did not consent to physical contact by any of the Defendants.

53. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such unlawful conduct, had a duty to intervene and prevent such unlawful conduct, and knowingly and intentionally failed to intervene.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein alleged.

## COUNT FOUR
### Malicious Prosecution

55. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

56. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

57. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs of their constitutional rights. The prosecution by defendants of plaintiffs constituted malicious prosecution in that there were no basis for the plaintiffs' arrest, yet defendants continued with the prosecution, which was resolved in plaintiffs' favor.

8

58. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## COUNT FIVE
### State Law Malicious Prosecution

59. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

60. By their conduct, as described herein, defendants are liable to plaintiffs for having committed malicious prosecution under the laws of the State of New York.

61. Defendants maliciously commenced criminal proceeding against plaintiffs, charging them with resisting arrest, menacing and disorderly conduct. Defendants falsely and without probable cause charged plaintiffs with violations of the laws of the State of New York.

62. The commencement and continuation of the criminal proceedings against plaintiffs was malicious and without probable cause.

63. All charges were terminated in plaintiffs' favor.

64. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiffs. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

65. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein

## COUNT SIX
### Malicious Abuse of Process
### Against All Defendants

66. Plaintiffs repeats and realleges each and every allegation above as if fully set forth herein.

67. The Defendants each maliciously and sadistically abused their government power in their actions toward Plaintiff.

68. These actions were of a kind likely to, and which in fact did, produce substantial injury to Plaintiffs.

69. The Defendants treated Plaintiffs in a manner that shocks the conscience.

70. The Defendants thus violated Plaintiffs' right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

71. The Defendants each deprived Plaintiffs of their rights intentionally, willfully, or recklessly, under color of law.

72. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein alleged.

## COUNT SEVEN
### Due Process/ Fair Trial,
### Against individually named defendants

73. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

74. Defendant OZUNA deprived Plaintiffs of their rights under the Fifth, and Fourteenth Amendments to the United States Constitution by manufacturing false evidence through his account that Plaintiffs trespassed the premises.

75. OZUNA used this false evidence to initiate criminal proceedings against Plaintiffs.

76. The State thereafter used this evidence to initial criminal proceedings against Plaintiffs.

77. As a result, Plaintiffs were deprived of their liberty.

78. OZUNA deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

79. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein alleged.

### COUNT EIGHT
*Respondeat Superior* Liability
Against the City of New York

80. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

81. The aforementioned conduct of the Defendants occurred while they were on duty and were within the scope of their authority as officers.

82. Thus, Defendant City of New York is liable to Plaintiffs for their damages under the doctrine of *respondeat superior* for the actions of the officers.

### COUNT NINE
### Failure To Intervene

83. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

84. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

85. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

86. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### COUNT NINE
### *MONELL*

87. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

88. This is not an isolated incident. The City of New York (the "City"),

12

through policies, practices and customs, directly caused the constitutional violations suffered by plaintiffs.

89. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

90. The City, through its police department, has a *de facto* quota police that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

91. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

92. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

93. These policies, practices, and customs were the moving force behind plaintiffs' injuries.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs request that this Court:

a) Award compensatory damages against the defendants, jointly and severally;

13

b) Award punitive damages against the individual defendants, jointly and severally;

c) Award costs of this action to the plaintiffs;

d) Award reasonable attorneys' fees and costs to the plaintiffs pursuant to 28 U.S.C. § 1988;

e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

Dated: May 6, 2016
Brooklyn, New York

Amy Rameau, Esq.
The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 852-4759


TO: All Defendants
Corporation Counsel of the City of New York